UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-22491-CIV-UNGARO


EPHRAIM CASADO

        Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA;
WILLIAM BASKINS, Miami-Dade
County Police Officer, in his individual and official
capacity;
OLIVER MAYORGA,
Miami-Dade County Police Officer, in his individual
and official capacity;

        Defendants.

_____/

## AMENDED COMPLAINT

PLAINTIFF, EPHRAIM CASADO, hereby files this Amended Complaint against the Defendants, MIAMI-DADE COUNTY, FLORIDA ("MIAMI-DADE COUNTY"), and MIAMI-DADE COUNTY POLICE OFFICER WILLIAM BASKINS, Individually; MIAMI-DADE COUNTY POLICE OFFICER OLIVER MAYORGA, Individually (Collectively "DEFENDANT OFFICERS"), per Defendant MIAMI-DADE COUNTY's written consent and as a matter of right for the DEFENDANT OFFICERS, and states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2.     Venue is proper in Miami-Dade County, Florida because the arrest from which this cause of action arises occurred in Miami-Dade County, Florida.

3.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

## PARTIES

4.     Plaintiff, Ephraim Casado (hereinafter "Mr. Casado") is sui juris and was at all relevant times an adult resident of Miami-Dade County, Florida.

5.     Defendant, MIAMI-DADE COUNTY, FLORIDA, is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Florida located in Miami-Dade County, Florida. The County owns, operates, manages, directs and controls the MIAMI-DADE COUNTY POLICE DEPARTMENT.

6.     Defendants, OFFICER WILLIAM BASKINS, and OFFICER OLIVER MAYORGA were employees of the MIAMI-DADE COUNTY POLICE DEPARTMENT, and thus employees of Defendant MIAMI-DADE COUNTY, and upon information and belief are residents of Miami-Dade County, Florida.

7.     Defendant MIAMI-DADE COUNTY was at all relevant times responsible for its employees, including the employees of MIAMI-DADE COUNTY POLICE DEPARTMENT. MIAMI-DADE COUNTY is charged under the law with the duty of hiring, supervising, training, disciplining, and establishing policy such that the conduct of its employees will conform to the Constitutions of the State of Florida and of the United States, as well as the laws of said sovereigns.

8.     MIAMI-DADE COUNTY, and its officers, DEFENDANT OFFICERS are "persons" for purposes of 42 U.S.C. Section 1983.

2

9.     At all times relevant to this cause, the DEFENDANT OFFICERS acted in conformance with policy pertaining to, among other things, investigation, arrests, and use of force, as set by MIAMI-DADE COUNTY, as well as acting within the course and scope of their employment. At all times, the DEFENDANTS acted under color of law.

10.     This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

**<u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

11.     On March 27th, 2017, DETECTIVES BASKINS and MAYORGA were both wearing body cameras as they pulled over Mr. Casado for allegedly throwing bottles out of his car window.

12.     Not a single body camera captured the throwing of any bottles.

13.     While none of the cameras captured the throwing of any bottles, they did capture the traffic stop which occurred on 2000 N.W. 91 Street, Miami, Florida, 33147.

14.     The body camera videos show that after Mr. Casado pulls over, he exits his car as ordered by the DETECTIVES.

15.     He does so with his hands up so that the DETECTIVES can see them.

16.     At no point in this encounter does Mr. Casado offer any resistance.

17.     As DETECTIVE MAYORGA'S camera footage shows, DETECTIVE BASKINS decides to approach Mr. Casado in an aggressive manner and tries to slam him onto the hood of his car.

18.     DETECTIVE BASKINS would later write in his arrest affidavit that Mr. Casado "tensed his arms and began to pull away." This assertion is easily dismissed by DETECTIVE MAYORGA'S camera footage.

19.     Approximately five seconds after pulling Mr. Casado out of his car, DETECTIVE BASKINS is already punching him in the face repeatedly.

20.     During this time, Mr. Casado can be heard saying: "So you just punched me all in my face" to which DETECTIVE BASKINS very professionally replies "You fucking right I did."

21.     Less than a minute later, DETECTIVE BASKINS would turn off his body camera.

22.     The next time we see footage from it, it appears to have been placed on the hood of a car.

23.     By the time DETECTIVE BASKINS decides to put his camera back on, Mr. Casado is on the ground bleeding from his mouth.

24.     Mr. Casado is seen asking DETECTIVE BASKINS for his badge number, to which DETECTIVE BASKINS replies with "What the fuck are you going to do about it?"

25.     Adding to this humiliation is the fact that Mr. Casado suffered through some of this ordeal in front of numerous members of the community.

26.     On the other side of this altercation, as soon as DETECTIVE BASKINS slams Mr. Casado onto the hood of the car, DETECTIVE MAYORGA conveniently moves his body in a way so as to keep the altercation out of the view of his body camera, this is a pattern that would repeat itself throughout this incident.

27.     As DETECTIVE MAYORGA turns his camera away from DETECTIVE BASKINS, a dog comes into the view of his camera.

4

28.     DETECTIVE BASKINS would later write in his arrest affidavit that Mr. Casado started giving this dog verbal commands to attack the officers.

29.     The audio captured by DETECTIVE MAYORGA'S camera shows that this also never happened.

30.     On March 27th, 2017, DEFENDANT OFFICERS of MIAMI-DADE COUNTY POLICE DEPARTMENT, acting within the course and scope of their employment arrested the Plaintiff, Mr. Casado for the following alleged criminal violations: Battery on a Law Enforcement Officer in violation of Florida Statute 784.07(2)(b), a felony of the third degree; Resisting an Officer with Violence, in violation of Florida Statute 843.01 a felony in the third degree; Criminal Mischief, in violation of Florida Statute 806.13(1)(b)(3) a felony in the third degree; Disorderly Conduct, in violation of Florida Statute 877.03 a misdemeanor in the second degree; Unlawful Possession of Cannabis, in violation of Florida Statute 893.13(6)(b) a misdemeanor in the first degree.

31.     Mr. Casado was later charged with Resisting an Officer with Violence, in violation of Florida Statute 843.01 a felony in the third degree; Criminal Mischief, in violation of Florida Statute 806.13(1)(b)(1) a misdemeanor in the second degree; and Unlawful Possession of Cannabis, in violation of Florida Statute 893.13(6)(b) a misdemeanor in the first degree.

32.     However, on August 9th, 2017, the State of Florida announced a nolle prose on the case brought by these DETECTIVES upon finding that the DETECTIVES were "less than truthful" about the events that occurred. The nolle prose memorandum from the State attorney's office is attached as Exhibit A of this Amended Complaint.

33.     As a result of the DEFENDANT OFFICERS' illegal arrest and excessive use of force, Mr. Casado suffered injuries to his head and face. Currently, Mr. Casado has been experiencing

recurring headaches from which he did not suffer before. Mr. Casado also endured pain and suffering from the moment he was unjustly profiled and pulled out of his car; forced to spend time in jail; confined to four (4) months of house arrest; and forced to live with the stress of facing felony charges.

34.     As a result of the DEFENDANTS OFFICERS' illegal arrest and excessive use of force, Mr. Casado has suffered special damages as he will be unable to obtain employment equivalent to people who do not have a felony record.

35.     DEFENDANT OFFICERS arrested Mr. Casado without probable cause *as a matter of fact* because Mr. Casado had not committed any offense whatsoever. Mr. Casado was arrested upon fabricated evidence that was later disproved by their very own body camera footage.

36.     Similarly, DEFENDANT OFFICERS arrested Mr. Casado without probable cause *as a matter of law* because officers may not arrest a citizen when no crime has been committed or is in the process of being committed.

## COUNT I: FALSE ARREST AND FALSE IMPRISONMENT
## UNDER FLA. STAT. §787.02

Plaintiff Mr. Casado re-alleges paragraphs 1 through 36 and further states that the Defendants MIAMI-DADE COUNTY, and DEFENDANT OFFICERS, Individually, did the following:

37.     On March 27th, 2017, DEFENDANT OFFICERS, acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY POLICE DEPARTMENT, and thus Defendant MIAMI-DADE COUNTY, arrested Mr. Casado.

38.     DEFENDANT OFFICERS caused Mr. Casado to be deprived of his freedom and liberty. Each of the DEFENDANT'S acts was done for the purpose of imposing a confinement of

Mr. Casado, or with knowledge that such confinement would, to a substantial certainty, result from it, which occurred at the scene of the arrest, and continued on to the jail.

39.     Mr. Casado did not consent to the aforementioned activities of DEFENDANT OFFICERS and such actions were against the will of Mr. Casado.

40.     DEFENDANT OFFICERS' restraint of Mr. Casado was unlawful and unreasonable in that it was not based on lawfully issued process of Court, and DEFENDANT OFFICERS did not have a valid warrant or probable cause for the arrest of Mr. Casado.

41.     DEFENDANT OFFICERS proximately caused Mr. Casado's arrest without probable cause as a matter of law because he had not committed any arrest-able offense.

42.     As a proximate and direct result of the foregoing acts, Mr. Casado has suffered grievously, has been brought into public scandal with great humiliation and damage to his reputation and has suffered deprivation of his liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of his body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff Mr. Casado demands judgment for damages against Defendants, MIAMI-DADE COUNTY, and DEFENDANT OFFICERS for compensatory damages, special damages, and costs of this action, and demands trial by jury on all issues so triable.

<u>**COUNT II: MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTION 1983**</u>

Plaintiff Mr. Casado re-alleges paragraphs 1 through 42 and further states that the DEFENDANT OFFICERS, Individually, did the following:

43.     On March 27th , 2017, DEFENDANT OFFICERS arrested Mr. Casado for Battery on a Law Enforcement Officer in violation of Florida Statute 784.07(2)(b), a felony of the third degree; Resisting an Officer with Violence, in violation of Florida Statute 843.01 a felony in the third degree; Criminal Mischief, in violation of Florida Statute 806.13(1)(b)(3) a felony in the third degree; Disorderly Conduct, in violation of Florida Statute 877.03 a misdemeanor in the second degree; Unlawful Possession of Cannabis, in violation of Florida Statute 893.13(6)(b) a misdemeanor in the first degree.

44.     After arresting Mr. Casado DEFENDANT OFFICERS caused a judicial proceeding to be commenced against Plaintiff Mr. Casado by the filing of an information in Miami-Dade County, Florida.

45.     Mr. Casado was charged with Resisting an Officer with Violence, in violation of Florida Statute 843.01 a felony in the third degree; Criminal Mischief, in violation of Florida Statute 806.13(1)(b)(1) a misdemeanor in the second degree; and Unlawful Possession of Cannabis, in violation of Florida Statute 893.13(6)(b) a misdemeanor in the first degree.

46.     Said judicial proceeding was instituted by DEFENDANT OFFICERS without probable cause as Mr. Casado did not commit a crime in the officers' presence or otherwise.  The facts observed by DEFENDANT OFFICERS prior to arresting Mr. Casado, and the matters known to them before institution of the aforementioned judicial proceeding, would not have warranted a reasonable person to believe that any criminal offense had been committed by Mr. Casado.

47.     There was an absence of probable cause for the original proceedings against Mr. Casado.

48.     DEFENDANT OFFICERS acted with malice in instituting the foregoing judicial proceeding which is implied by the lack of probable cause, lack of investigation, refusal to interview witnesses, and/or with express malice as shown by their reckless disregard of the Plaintiff's rights and their personal animosity and hostility towards Mr. Casado.

49.     No arrest would have taken place and no charges would have been filed but for the actions of DEFENDANT OFFICERS.

50.     The termination of the original proceedings constituted a bona fide termination of those proceedings in favor of Mr. Casado which resulted in a nolle prose based upon a finding that the DETECTIVES were "less than truthful" about the events that occurred.

51.     The facts of Plaintiff's prosecution became known to many persons both known and unknown to Plaintiff as a result of being made part of the public records of Miami-Dade County, Florida and appearing on court documents available to public scrutiny.

52.     As a proximate and direct result of the actions of DEFENDANT OFFICERS, Mr. Casado sustained damages as a result of having been brought into public scandal with great humiliation and damage to his reputation and having been deprived of his liberty and freedom.  Mr. Casado suffered severe mental and emotional distress arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of his body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either

permanent or continuing to this day and are likely to continue into the future, and he incurred attorney's fees and court costs.

WHEREFORE, Plaintiff Mr. Casado demands judgment for damages against MIAMI-DADE COUNTY, and DEFENDANT OFFICERS, Individually, for compensatory damages, special damages, costs of this action, and attorney's fees, pursuant to 42 U.S.C. Sections 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT III: NEGLIGENT HIRING OR RETENTION UNDER 42 U.S.C. SECTION 1983

Plaintiff Mr. Casado re-alleges paragraphs 1 through 52 and further states that DEFENDANT MIAMI-DADE COUNTY did the following:

53.    Defendant, MIAMI-DADE COUNTY, negligently knew or should have known that DEFENDANT OFFICERS were dangerous and incompetent and liable to do harm to citizens or residents of Miami-Dade County, Florida.

54.    Defendant, MIAMI-DADE COUNTY, failed to conduct a reasonable investigation regarding the competence of DEFENDANT OFFICERS to be employed as police officers for the MIAMI-DADE COUNTY POLICE DEPARTMENT.

55.    Defendant, MIAMI-DADE COUNTY, during the course of employment of DEFENDANT OFFICERS became aware or should have become aware of problems with DEFENDANT OFFICERS that indicated their unfitness and/or predisposition to committing a wrong, but failed to take further action such as investigating, discharging or reassignment.

56.    Defendant, MIAMI-DADE COUNTY, owed Mr. Casado, as well as all residents of Miami-Dade County, a duty of care to hire and retain only competent officers.

57.     Defendant, MIAMI-DADE COUNTY, breached its duty of care to Mr. Casado by hiring and retaining incompetent officers such as DEFENDANT OFFICERS.

58.     As a proximate and direct result of the negligence of MIAMI-DADE COUNTY, Mr. Casado suffered severe mental and emotional distress arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of his body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff Mr. Casado demands judgment for compensatory damages and court costs against MIAMI-DADE COUNTY, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues so triable.

## COUNT IV: NEGLIGENT FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. SECTION 1983

Plaintiff Mr. Casado re-alleges paragraphs 1 through 52 and further states that DEFENDANT MIAMI-DADE COUNTY did the following:

59.     Defendant, MIAMI-DADE COUNTY, owed the public, including Plaintiff, a duty to properly train and supervise its personnel regarding the improper use of authority and the appropriate procedures to follow when making an arrest for an alleged violation and proper use of force in making a lawful arrest.

60.     DEFENDANT, MIAMI-DADE COUNTY, breached its duty of care to Plaintiff by failing to provide each of the DEFENDANT OFFICERS with proper and special training and/or

supervision so that they could be prepared to execute the duties the County reasonably could expect them to perform during the course and scope of their employment.

61.     As a proximate result of lack of training and supervision, DEFENDANT OFFICERS arrested, detained, falsely imprisoned, humiliated, embarrassed and caused severe emotional distress; physical injuries; and permanent scarring to a totally innocent person.

62.     As a proximate result of such conduct, Mr. Casado sustained damages, including mental pain and suffering which continue to this day and are likely to continue into the future.

WHEREFORE, Mr. Casado demands judgment for compensatory damages and court costs against MIAMI-DADE COUNTY, pursuant to 42 U.S.C. Sections 1983 and 1988 and demands trial by jury on all issues so triable.

## COUNT V: FALSE ARREST/FALSE IMPRISONMENT CLAIM DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTIONS 1983 AND 1988

Plaintiff Mr. Casado re-alleges paragraphs 1 through 62 and further states that the DEFENDANT OFFICERS, Individually, did the following:

63.     DEFENDANT OFFICERS in all of their actions described in this Amended Complaint deprived Mr. Casado of his rights under Color of State Law directly in violation of 42 U.S.C. Section 1983.

64.     DEFENDANT OFFICERS deprived Mr. Casado of his constitutional rights in a way that they fully understood, or should have understood, that their actions were wrongful and in violation of the law. DEFENDANT OFFICERS by direct or indirect procurement, personally caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

12

65.     The conduct of the DEFENDANT OFFICERS towards Mr. Casado was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Section 1983 to be free from arrest in the absence of probable cause.

66.     As a result of the false arrest, Mr. Casado was deprived of his civil rights as guaranteed by the Fourth Amendment of the Constitution, suffered humiliation, degradation, apprehension for his bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

67.     Mr. Casado is entitled to attorney's fees expended in this litigation pursuant to 42 United States Code Section 1988.

WHEREFORE, Plaintiff Mr. Casado demands judgment for compensatory and punitive damages against the DEFENDANT OFFICERS and in addition thereto, demands the award of attorney's fees and court costs pursuant to 42 U.S.C. Sections 1983 and 1988 and demands a trial by jury on all issues so triable.

## COUNT VI: DEPRIVATION OF CIVIL RIGHTS BY EXCESSIVE USE OF FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff Mr. Casado re-alleges paragraphs 1 through 67 and further states that Defendant MIAMI-DADE COUNTY did the following:

68.     The DEFENDANT OFFICERS have at all times material hereto had a propensity for which MIAMI-DADE COUNTY knew or should have known and perpetrated unlawful acts under the circumstances against Mr. Casado as police officers while working at the MIAMI-DADE COUNTY POLICE DEPARTMENT. Despite these officers' propensity and the COUNTY'S knowledge of this propensity, the COUNTY has done nothing to deter this behavior.

13

69.     The COUNTY'S and officers' treatment of Mr. Casado constitutes a pattern of behavior by the COUNTY which rises to the level of or implies conclusively the existence of a policy of allowing and passively encouraging, authorizing or ratifying this behavior.

70.     The Defendant, MIAMI-DADE COUNTY, as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens thereby causing the DEFENDANT OFFICERS to engage in the unlawful conduct described above.

71.     The Defendant, MIAMI-DADE COUNTY, as a matter of policy and practice has with deliberate indifference failed to properly sanction or discipline their police officers including the DEFENDANTS in this case for violations of the constitutional rights of citizens thereby causing police, including the DEFENDANTS in this case, to engage in unlawful conduct.

72.     These patterns, and implied or explicit policies have been ratified by the highest decision maker of the COUNTY'S government leadership including the police, the chief, the mayor, city commissioners and/or high officials within the police department itself or other departments.

73.     This pattern and resultant policy acted to directly deprive Plaintiff Mr. Casado of his civil rights as guaranteed to them by the United States Constitution.

74.     In being deprived of his civil rights, Mr. Casado was injured as described above. In addition, Mr. Casado was deprived of his civil liberty and right to be free from such abuse at the hands of the government.

75.     The COUNTY in all of its actions described in the Amended Complaint and more specifically in this count deprived Mr. Casado of his rights under color of state law directly in violation of 42 U.S.C. Section 1983.

14

76.     Mr. Casado is entitled to attorney's fees expended in this litigation pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Mr. Casado demands judgment and compensatory and punitive damages against the Defendant, MIAMI-DADE COUNTY, and in addition demands attorney's fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988 and demands trial by jury on all issues so triable.

## COUNT VII: EXCESSIVE FORCE CLAIM COGNIZABLE UNDER 42 U.S.C. SECTION 1983

Plaintiff Mr. Casado re-alleges paragraphs 1 through 76 and further states that the DEFENDANT OFFICERS, Individually, did the following:

77.     The force used by the DEFENDANT OFFICERS was unreasonable and unnecessary for the DEFENDANT OFFICERS to defend themselves or any other person from bodily harm during the unlawful arrest of Mr. Casado.

78.     The force used by the DEFENDANT OFFICERS was objectively unreasonable and constituted excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Section 1983.

79.     As a direct and proximate result of the acts described above in violation of 42 U.S.C. Section 1983, Mr. Casado has suffered grievously and have been brought into public scandal and with great humiliation, mental suffering and damaged reputation which continues to this day and is likely to continue into the future.

80.     As a direct and proximate result of the conduct of the DEFENDANT OFFICERS, Mr. Casado suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization and medical care and

15

treatment. The losses are either permanent or continuing and Mr. Casado will suffer losses into the future in violation of Mr. Casado' clearly established rights. Mr. Casado also has agreed to pay the undersigned a reasonable fee for his services.

WHEREFORE, Plaintiff Mr. Casado demands compensatory and punitive damages, costs and reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues so triable.

## COUNT VIII: BATTERY

Plaintiff Mr. Casado re-alleges paragraphs 1 through 80 and further states that Defendant MIAMI-DADE COUNTY did the following:

81. On March 27, 2017, employees of MIAMI-DADE COUNTY POLICE DEPARTMENT, acting in the course and scope of their employment, did batter and touch Mr. Casado without the consent of Mr. Casado and against his will.

82. As a result of the actions of the Defendant MIAMI-DADE COUNTY, Mr. Casado suffered damages which include physical suffering, physical inconvenience, physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to their feelings and reputation, the emotional damage and reputation damage are continuing to this day and are likely to continue in the future.

WHEREFORE, Mr. Casado demands judgment against MIAMI-DADE COUNTY for compensatory damages and costs of this action and demands trial by jury of all issues so triable.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Mr. Casado, re-allege paragraphs 1 through 82 and further state that the MIAMI-DADE COUNTY and the DEFENDANT OFFICERS, Individually, did the following:

83.     The DEFENDANT OFFICERS acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY intentionally or recklessly arrested Mr. Casado, in the presence of members of the community, without probable cause for alleged offenses that were known not to have been committed in the presence of DEFENDANT OFFICERS. DEFENDANT OFFICERS knew or should have known that emotional distress would likely result.

84.     The conduct of DEFENDANT OFFICERS was outrageous and beyond all bounds of decency as to be regarded as odious and utterly intolerable in a civilized community. DEFENDANT OFFICERS physically abused Mr. Casado, slamming him on the hood of a car, and punching him in the face repeatedly. Afterwards, DEFENDANT OFFICERS forced Mr. Casado to spend time in jail.

85.     As the proximate and direct result of the extreme and outrageous conduct of DEFENDANT OFFICERS, Plaintiff Mr. Casado suffered severe mental and emotional distress arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of his body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

86.    But for the extreme and outrageous conduct of DEFENDANT OFFICERS the severe emotional distress would not have occurred.

WHEREFORE, Plaintiff demands judgment against MIAMI-DADE COUNTY and the DEFENDANT OFFICERS for compensatory damages and costs of this action and demands trial by jury of all issues so triable.

## COUNT X: CIVL CONSPIRACY

Plaintiff Mr. Casado, re-allege paragraphs 1 through 86 and further state that the MIAMI-DADE COUNTY and the DEFENDANT OFFICERS, Individually, did the following:

87.    The DEFENDANT OFFICERS, DETECTIVES BASKIN and MAYORGA, acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY agreed to fabricate evidence in order to batter, falsely arrest, and maliciously prosecute Plaintiff, Mr. Casado.

88.    In furtherance of this agreement, the DEFENDANT OFFICERS fabricated evidence after battering, falsely arresting, and maliciously prosecuting Plaintiff, Mr. Casado.

89.    As a result of the conspiracy by the DEFENDANT OFFICERS, Mr. Casado suffered damages which include physical suffering, physical inconvenience, physical discomfort, loss of liberty, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to their feelings and reputation, the emotional damage and reputation damage are continuing to this day and are likely to continue in the future.

WHEREFORE, Mr. Casado demands judgment against MIAMI-DADE COUNTY, and DEFENDANT OFFICERS for compensatory damages, punitive damages, and costs of this action and demands trial by jury of all issues so triable.

## COUNT XI: GROSS NEGLEGENCE

Plaintiff Mr. Casado, re-allege paragraphs 1 through 89 and further state that the MIAMI-DADE COUNTY did the following:

90.     MIAMI-DADE COUNTY that employed Defendants was engaged in the exercise or discharge of a governmental function.

91.     The conduct of MIAMI-DADE COUNTY amounted to gross negligence through Its wanton disregard for proper training and supervision of Its officers that was the proximate cause of Mr. Casado's injuries and damages.

92.     The DEFENDANT OFFICERS were working for the MIAMI-DADE COUNTY at the time of the incident complained of herein and had a duty to perform their employment activities so as not to endanger or cause harm Mr. Casado.

93.     Notwithstanding these duties, DEFENDANT MIAMI-DADE COUNTY breached these duties with deliberate indifference and gross negligence and without regard to Mr. Casado's rights and welfare through creating a working environment in which the excessive force conduct by the DEFENDANT OFFICERS was viewed as acceptable, which caused serious injuries and damages to Mr. Casado.

94.     DEFENDANT MIAMI-DADE COUNTY knew or should have known that by breaching these duties, harm would come to Mr. Casado.

95.     DEFENDANTS had a duty to exercise reasonable care through sufficient training/supervision and their breach of that duty was reckless and amounts to gross negligence.

96. As a direct and proximate result of the indifferent/grossly negligent acts and/or omissions committed by DEFENDANTS MIAMI-DADE COUNTY, Mr. Casado suffered injuries and damages.

97. The actions of DEFENDANT MIAMI-DADE COUNTY were so egregious and outrageous that Mr. Casado's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against MIAMI-DADE COUNTY for compensatory and exemplary damages and costs of this action and demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, EPHRAIM CASADO, individually demands a trial by jury, and judgment against the DEFENDANTS, MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE OFFICER WILLIAM BASKINS, in his individual and official capacity; MIAMI-DADE COUNTY POLICE OFFICER OLIVER MAYORGA, in his individual and official capacity (Collectively "DEFENDANTS") for special damages, damages for past, present, and future medical expenses, compensatory damages, exemplary and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and the costs of this suit and such other relief as the court may deem just and proper.

Respectfully submitted,

CORNISH HERNANDEZ GONZALEZ, PLLC
*Attorney for the Plaintiff*
2525 Ponce de Leon Blvd.
Suite 300
Coral Gables, Florida 33134
Phone: (305) -501-8021
Fax: (786) - 292 – 2934
Email: ihernandez@chglawyers.com
Service: service@CHGLawyers.com
/s/ Igor Hernandez_____
Igor Hernandez, Esq.
Florida Bar No. 106386

LETT LAW, PLLC
*Attorney for the Plaintiff*
6303 Blue Lagoon Drive
Suite 400
Miami, Florida 33126
Phone: (305)-912-5388
Email: alett@lettlawfirm.com
/s/ Ariel Lett_____
Ariel Lett, Esq.
Florida Bar No. 115513