UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22491-CIV-O'SULLIVAN

[CONSENT]

EPHRAIM CASADO,

     Plaintiff,

vs.

MIAMI-DADE COUNTY, *et al.,*

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Defendant Miami-Dade County's Motion to Dismiss (DE# 33, 8/9/18) and the Defendants Oliver Mayorga and William Baskins' Motion to Dismiss (DE# 34, 8/9/18). Having carefully considered the motions, responses and replies, it is

ORDERED AND ADJUDGED that the Defendant Miami-Dade County's Motion to Dismiss (DE# 33, 8/9/18) is GRANTED. It is further

ORDERED AND ADJUDGED that the Defendants Oliver Mayorga and William Baskins' Motion to Dismiss (DE# 34, 8/9/18) is GRANTED.

## BACKGROUND

The plaintiff filed an Amended Complaint that contains a total of eleven counts: Count I - false arrest and false imprisonment against the officers under Florida law; Count II - malicious prosecution under 28 U.S.C. §1983 against the County; Count III - negligent hiring or retention under 28 U.S.C. §1983 against the County; Count IV -

negligent failure to train and supervise under 42 U.S.C. §1983 against the County; Count V - false arrest/false imprisonment claim deprivation of civil rights under 42 U.S.C. Sections1983 and 1988 against the officers; Count VI - deprivation of civil rights by excessive use of force in violation of 42 U.S.C. §1983 against the County; Count VII - excessive force claim cognizable under 42 U.S.C. §1983 against the County; Count VIII - battery against the County; Count IX - intentional infliction of emotional distress against the officers and the County; Count X - civil conspiracy against the officers and the County; and Count XI - gross negligence against the County.

The plaintiff's claims in the Amended Complaint arise out of a traffic stop by two Miami-Dade County police detectives (hereinafter "Officers") that was purportedly due to the plaintiff allegedly throwing bottles out of his car window. The body camera videos show that the plaintiff exited his car with his hands up as ordered by the detectives. Detective Mayorga's body camera video shows that Detective Baskins approached the plaintiff and attempted to slam the plaintiff into the hood of his car. Video also shows Detective Baskins punching the plaintiff in the face repeatedly before Detective Baskins turned off his body camera. Sometime later Detective Baskins body camera video reveals that the camera was placed on the hood of the plaintiff's car. The verbal exchange between Detective Baskins and the plaintiff is also recorded on the video and includes Detective Baskins responding, "What the f**k are you going to do about it?," after the plaintiff asked for his badge number and questioned being punched in the face. The detectives arrested and charged the plaintiff with multiple offenses which were nolle prossed.

## DISCUSSION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Miami-Dade County (hereinafter "the County") seeks to dismiss the following eight counts of the Amended Complaint: Count I (state law false arrest and imprisonment), Count III (negligent hiring or retention under 42 U.S.C. § 1983), Count IV (negligent failure to train and supervise under 42 U.S.C. § 1983), Count VI (excessive force under 42 U.S.C. § 1983), Count VIII (state law battery), Count IX (state law intentional infliction of emotional distress), Count X (state law civil conspiracy), and Count XI ( state law gross negligence).

The County moves to dismiss the Section 1983 claims (Counts III, IV and VI) on the grounds that the allegations are conclusory and fail to satisfy the requirements to allege municipal liability under Monell v. Dept. of Social Services, 98 S. Ct. 2018 (1978) or Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The County further contends that the plaintiff failed to identify a responsible County policymaker and plead sufficient facts supporting a ratification theory of liability; and that the plaintiff failed to plead sufficient facts to establish that a custom or policy was the moving force behind the plaintiff's alleged constitutional violation. The County moves to dismiss the remaining state law claims as barred by Section 768.28(9)(a) of the Florida Statutes and/or sovereign immunity because the alleged actions were malicious, in bad faith, or with wanton and willful disregard of the plaintiff's rights. Additionally, the state law false arrest claim includes the state law battery claim, which cannot exist as a separate claim. Finally, the County argues that the Amended Complaint is a shotgun pleading that incorporates each prior allegation into the subsequent counts.

The Officers seek dismissal of the plaintiff's claims for excessive force cognizable under 42 U.S.C. §1983 (Count VII); intentional infliction of emotional distress (Count IX); and civil conspiracy (Count X). The Officers argue that the well-pled factual allegations of the Amended Complaint fail to state claims upon which relief may be granted for intentional infliction of emotional distress (Count IX) and civil conspiracy (Count X). Additionally, the Section 1983 excessive force claim (Count VII) is subsumed in the Section 1983 false arrest claim (Count I) and cannot exist as an independent cause of action.

The plaintiff filed responses to the County's and the Officers' respective motions to dismiss, and the defendants filed their respective replies. Both motions to dismiss are ripe.

I.     Legal Standards

       A.     Motion to Dismiss

Under Rule 12(b)(c) of the Federal Rules of Civil Procedure, a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2008); Fed. R. Civ. P. 12(b)(c). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000);

<u>Milburn v. U.S.</u>, 734 F.2d 762, 765 (11th Cir. 1984) ("Consideration of matters beyond the complaint is improper in the context of a motion to dismiss ....").

On a motion to dismiss, the Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. <u>Twombly</u>, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss a complaint should not be granted if the factual allegations are "enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. A complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." <u>Id.</u> at 556.

The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scheuer</u>, 468 U.S. 183 (1984); <u>Taylor v. Ledbetter</u>, 818 F.2d 791, 794 n.4 (11th Cir. 1987), <u>cert. denied</u>, 489 U.S. 1065 (1989). It is only "when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action [that] dismissal of the complaint is appropriate." <u>Excess Risk Underwriters, Inc. v. LaFayette Life Ins. Co.</u>, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002)(citing <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993)).

B.    <u>*Monell* Claims</u>

In <u>Monell</u>, the Supreme Court held that "a municipality cannot be held liable under [48 U.S.C.] § 1983 on a *respondeat superior* theory." <u>Monell v. Dept. of Social</u>

Services, 436 U.S. 658, 691 (1978).  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." Id. at 694. "Local governing bodies ... can be sued directly under [section] 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690.  "[A]though the touchstone of the [section] 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval...." Id. 690-91.

"[T]o impose [section] 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing City of Canton, 489 U.S. 378, 388 (1989)).

A plaintiff may show a policy by identifying either 1) "an officially promulgated [city] policy or 2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker of the county." Grech v. Clayton County, Ga., 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing Monell, 436 U.S. at 690-91).  "Most plaintiffs ... must show that the county has a custom or practice of permitting [a particular constitutional violation] and that the county's custom or practice is the 'moving force [behind] the

6

constitutional violation.'" Id. at 1330 (footnote omitted) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (citing Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)).

II.  Plaintiff's Claims of Section 1983 Violations (Counts III, IV and VI) against the County Do Not Satisfy Monell or Twombly and Must Be Dismissed

Municipal liability under section 1983 is limited. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). In Pembaur v. City of Cincinnati, the Supreme Court held that "municipal liability under [section] 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).

In Grech, the Eleventh Circuit held that "a plaintiff (1) must show that the local government entity ... has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation...." Grech, 335 F.3d at 1330.

In the present case, the Amended Complaint fails to identify an official policy, not simply allege that one exists; fails to allege an unofficial policy or custom of violating constitutional rights; fails to allege any other incidents of unconstitutional conduct and thus, fails to plead sufficient facts to state a claim for violation of civil rights pursuant to 42 U.S.C. § 1983. See Grech, 335 F.3d at 1330 (11th Cir. 2003); see also Reyes v. City of Miami Beach, No. 07-22680-CIV, 2008 WL 686958, *13 (S.D. Fla. March 13, 2008) (Notwithstanding that the plaintiff identified a responsible city policymaker, the city manager, the plaintiff "still fails to allege sufficient facts to suggest that she was injured

as a result of the City's official policy or widespread custom.").  Although the plaintiff in the present case identifies the mayor among a litany of other individuals and governing bodies that are not the final policymaking authority of the County,[1] the plaintiff's allegations are insufficient to state a Monell claim against the County.  "[C]onclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."  South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (citation omitted).

The Amended Complaint does not identify an *official* policy as required by Monell. In his response, the plaintiff implicitly concedes that he does not allege any *official* policy under Monell.  See Response at 7 ("For these reasons, Plaintiff has sufficiently alleged an *unofficial* policy, custom, or practice.").  Instead, the plaintiff argues that "[c]ity policy also may be implicated by the acts or individual policymaking officials or by pervasive city custom."  Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1480 (11th Cir. 1991).  The plaintiff alleges that the County "knew or should have known" that the defendant officers "had a propensity" for unreasonable and excessive force and violence as the plaintiff experienced and did "nothing to deter this behavior." Response at 6 (quoting Amended Complaint ¶ 68).  The Amended Complaint is devoid of any factual allegations of any prior incidents or the County's alleged knowledge and alleged failure to deter the conduct at issue.  Neither the Supreme Court nor the

---

[1]Before the County adopted the "Strong Mayor" system of government in 2007, cases refer to the Board and the "County Manager" as the County's final policymakers. See Rosario v. Miami-Dade County, 490 F. Supp. 2d 1213, 1222 (S.D. Fla. 2007) (explaining that "this Court has repeatedly recognized that 'final policymaking authority for Miami-Dade County rests with the Board of County Commissioners or the City Manager") (citations omitted).

Eleventh Circuit has ever imposed municipal liability based on a single incident under Monell.  See  Depew v. City of St. Marys, Georgia, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally random acts or isolated incidents are insufficient to establish a custom or policy.") (citation omitted); see also Whitaker v. Miami-Dade County, 126 F. Supp. 3d 1313, 1325 (S.D. Fla. 2015).  In Whitaker, the court rejected the plaintiffs' legal conclusion that four isolated shootings were enough to constitute a custom or usage with the force of law in the absence of a written law or express municipal policy.  Id. at 1321.

In paragraph 72 of Count VI (Deprivation of Civil Rights by Use of Excessive Force in Violation of 42 U.S.C. Section 1983), without identifying a single policy or other incidents of excessive force by officers the plaintiff alleges "these patterns, and implied or explicit policies have been ratified by the highest decision maker of the COUNTY'S government leadership including the police, the chief, the mayor, city commissioners and/or high officials within the police department itself or other departments."  Amended Complaint ¶ 72 (DE# 24, 7/26/18).  The plaintiff's conclusory allegation does not supply any facts to support the legal conclusions and thus, does not satisfy Monell or Twombly.

To impose liability against a municipality for an unconstitutional practice, the plaintiff must allege a "pattern" of excessive force including specific facts of numerous incidents demonstrating "'a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage"' with the force of law.'" Whitaker v. Miami-Dade County, 126 F. Supp. 3d 1313 (S.D. Fla. 2015) (quoting Brown, 923 F.2d at 1481) (quoting Praprotnik, 485 U.S. at 127)(quoting Adickes v. S.H Kress & Co., 398 U.S. 144, 167-68 (1970)).

In his response to the County's motion to dismiss, the plaintiff cites a number of court actions filed against the County to show that a pattern exists. This is not sufficient. In Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987), the Eleventh Circuit found that the City of Atlanta lacked notice of misconduct notwithstanding that ten complaints filed against the city involved a single police officer because the plaintiff "never demonstrated that past complaints of police misconduct had any merit. Indeed, the number of complaints bears no relation to their validity." Brooks, 813 F.2d at 1193. Similarly, in the present case, the Amended Complaint is devoid of factual allegations of incidents other than the one that involved the plaintiff in this case as required by Monell and Twomby.

Negligent hiring or retention is not actionable under Section 1983. Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 415 (1997) (holding that the "County is not liable for [the sheriff's] isolated decision to hire Burns without adequate screening, because respondent has not demonstrated that his decision reflected a conscious disregard for a high risk that Burns would use excessive force in violation of respondent's federally protected right."); Shehada v. Tavss, 965 F. Supp. 2d 1358, 1379 (S.D. Fla. 2013) (finding the plaintiffs' "negligent-hiring-and-retention claim barred by sovereign immunity and/or factually unsustainable"). However, the Supreme Court has held that a municipality is subject to liability for failure to train "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). As the plaintiff concedes in his response, municipal liability under Section 1983 requires " that the municipality had a custom or policy that constituted

10

deliberate indifference to [the violation of a] constitutional right."  Response at 5 (DE#

38, 8/23/18) (citing McDowell, 392 F.3d at 1289).  To establish "deliberate indifference,"

a plaintiff must allege facts that show "that the municipality knew of a need to train or

supervise and the municipality made a deliberate choice not to take any action."  See

Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998); Whitaker, 126 F. Supp. 3d

at 1323.  The Amended Complaint is devoid of factual allegations to support the

plaintiff's conclusory allegations that the municipality "knew or should have known" of its

officers' propensity to use excessive force in encounters with the public and "as a

matter of policy and practice with deliberate indifference failed to adequately discipline,

train or otherwise direct policy officers concerning the rights of citizens...." Amended

Complaint ¶¶ 68-70.

        Because the plaintiff fails to allege facts to state a Monell claim against the

County, Counts III (negligent hiring or retention under 42 U.S.C. § 1983), IV (negligent

failure to train and supervise under 42 U.S.C. § 1983) and VI (deprivation of civil rights

by excessive use of force in violation of 42 U.S.C. § 1983) are dismissed without

prejudice.

III.    Sovereign Immunity Bars the State Law Claims against the County

        The County seeks dismissal of Counts I (state law false arrest/false

imprisonment), VIII (state law battery), IX (state law intentional infliction of emotional

distress), X (civil conspiracy), and XI (gross negligence) on the ground that the state law

claims allege actions taken maliciously, in bad faith, or with wanton and willful disregard

for the plaintiff's rights and are barred by Section 768.28(9)(a) and/or the doctrine of

sovereign immunity.  Additionally, the state law battery claim falls within the claim for

false arrest and cannot exist as an independent claim.

The County relies on Sub-section 768.28(9)(a) of the Florida Statutes, which provides "governmental entities ... with sovereign immunity from suit when certain tort causes of action are brought against them." Rance v. Jenn, 2008 WL 5156675, * 5 (S.D. Fla. Dec. 9, 2008). Sub-section 768.28(9)(a) provides in pertinent part:

> ... The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a).

"[B]ecause '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability, [the Supreme Court has] repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (emphasis in original; other alterations omitted) (addressing qualified immunity).

The plaintiff alleges that while defendant officers were acting "in the course and scope of their duties as police officers" (Am. Complaint ¶¶ 30, 37), he was punched in the face, that he was on the ground bleeding from his mouth, arrested without probable cause, booked, fingerprinted, his body was searched, and he was charged with resisting an officer with violence, criminal mischief and unlawful possession of cannabis. More than four months later the State of Florida announced a nolle prose on the case brought by the defendant officers because the defendant officers were "less than truthful" about the events that occurred. Am. Complaint ¶ 32.

The Amended Complaint alleges that notwithstanding that the plaintiff exited his

parked vehicle as ordered by the Officers without any resistance, he was slammed onto the hood of his car, punched in the face repeatedly, and was on the ground bleeding from his mouth.  Amended Complaint ¶¶ 14-23.  The Amended Complaint also alleges that the arrest affidavit includes false statements, that an Officer turned off his body camera, that in response to the plaintiff stating that "you just punched me all in my face" Officer Baskins replied, "you're f**king right I did" and later, in response to a request for his badge number, stated "what the f**k are you going to do about it?"  Id. at 18-24.

Florida courts have ruled that a governmental entity may not be held liable where its employee's actions were malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property.  See City of Fort Lauderdale v. Todaro, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994).  Section 768.28(9)(a) will bar claims when the allegations "connote [ ] conduct much more reprehensible and unacceptable than mere intentional conduct" that involve conduct done in bad faith or in a willful and wanton manner.  Gregory v. Miami-Dade County, 86 F. Supp. 3d 1340, 1343 (S.D. Fla. 2015) (quoting Richardson v. City of Pompano Beach, 511 So. 2d 1121, 1123 (Fla. 4th DCA 1987)).

1.    Count I: False Arrest/False Imprisonment and Count VIII: Battery

False arrest and battery claims are torts that are not inherently barred by Section 768.28(9)(a) as are claims for malicious prosecution, intentional infliction of emotional distress and conspiracy.  Many courts in this district have dismissed false arrest and battery claims when factual allegations implicate the bar of Section 768.28(9)(a).  See Alicea v. Miami-Dade County, No. 13-21549-Bloom, DE# 95 (S.D. Fla. Oct. 25, 2014) (Although the court acknowledged that the plaintiff's "complaint skillfully avoids the

13

words 'malicious, bad faith or in reckless and wanton disregard for human rights, safety, or property," the court held that sovereign immunity barred the claim against the county because the complaint alleged that the officer "made false statements and material omissions" regarding the plaintiff's arrest and "'violently pummeled' [the plaintiff] in the head, face and torso [which was done] without reasonable suspicion or probable cause."); Mena v. Miami-Dade County, No. 14-20030-CIV, 2014 WL 3667806 (S.D. Fla. July 22, 2014) (finding Section 768.28(9)(a) barred the claim against the county where the factual allegations "that [the officers'] actions–pulling Mr. Mena out of the car, throwing Mr. And Mrs. Mena, beating them, handcuffing them, and arresting them–can only be characterized as actions 'committed in bad faith or with malicious purpose'") Mena, 2014 WL 3667806, at *2.

Likewise, the factual allegations of repeatedly punching the plaintiff in the face, slamming him on the hood of his car, arresting him without probable cause, and fabricating evidence that are incorporated in the false arrest and battery claims (Counts I and VIII) of the plaintiff's Amended Complaint constitute conduct that can only be described as 'committed in bad faith or with malicious purpose." Based on the factual allegations in the present case, the claims for false arrest/false imprisonment and battery against the County are barred under Section 768.28(9)(a).  Counts I (false arrest/false imprisonment) and VIII (battery) are dismissed with prejudice.

2.	Count IX: Intentional Infliction of Emotional Distress

The Eleventh Circuit has held that claims for intentional infliction of emotional distress are barred by Section 768.28(9)(a).  Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1330 (11th Cir. 2015) ("Fla. Stat. § 768.28(9)(a) ... bars claims for

both intentional infliction of emotional distress and malicious prosecution.") (citation omitted). Count IX intentional infliction of emotional distress is dismissed with prejudice.

### 3.  Count X: Civil Conspiracy

Count X asserts a conspiracy claim based on the Officers' agreement to "fabricate evidence" and "maliciously prosecute" the plaintiff.  Amended Complaint ¶¶ 87-88.  The plaintiff's allegations of malice and bad faith implicate the bar of Section 768.28(9)(a) regarding the civil conspiracy claim.  Additionally, Count X fails to allege that the County agreed to conspire with the Officers to violate the plaintiff's rights. As a matter of Florida law, the County cannot conspire with its employees.  See Lipsig v. Ramlawi, 760 So. 2d 170, 180 (Fla. 3d DCA 2000).  The County cannot be held liable for its employees' agreement to commit unlawful acts such as "fabricat[ing] evidence" and "maliciously prosecuting" the plaintiff.  See, Weiland 792 F.3d at 1330.  Count X for civil conspiracy is dismissed with prejudice.

### 4.  Count XI: Gross Negligence

The plaintiff's gross negligence claim (Count XI) against the County also fails to state a cause of action since negligent use of excessive force does not exist under Florida law. The gist of the plaintiff's gross negligence claim is that the County's "wanton disregard for proper training and supervision of [its] officers [to avoid the use of excessive force] was the proximate cause of [the plaintiff's] injuries and damages." Amended Complaint ¶ 91-93.  "Florida courts have consistently and unambiguously held that 'it is not possible to have a cause of action for negligent use of excessive force because there is no such thing as the negligent commission of an intentional tort." Secondo v. Campbell, 327 Fed. App'x 126, 131 (11th Cir. 2009) (unpublished) (citing

City of Miami v. Sanders, 672 So. 2d 46, 48 (Fla. 3d DCA 1996)).  The battery and false arrest constitute intentional torts.

The County enjoys sovereign immunity for its decisions regarding implementation of training and supervisory policies.  Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1118-19 (11th Cir. 2005) (holding failure to train and failure to supervise claims were barred by the doctrine of sovereign immunity)(citing Kaisner and Henderson v. Bowden, 737 So. 2d 532, 537 (Fla. 1999)) "To find otherwise would amount to judicial intervention, by way of tort law, into the fundamental decision making of the legislative and executive branches–a practice against which the Florida courts have repeatedly cautioned." Cook, 402 F.3d at 1118-19.

The gross negligence count alleges that the County acted with "wanton disregard for proper training and supervision" and acted with "deliberate indifference ...and without regard to [the plaintiff's] rights and welfare."  Amended Complaint ¶¶ 91, 93. Section 768.28(9)(a) bars municipal liability for acts "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.  Fla. Stat. § 768.28(9)(a).  The gross negligence claim (Count XI) against the County is barred and dismissed with prejudice.

Counts I (state law false arrest/false imprisonment), VIII (state law battery), IX (state law intentional infliction of emotional distress), X (civil conspiracy), and XI (gross negligence) against the County are dismissed with prejudice.

IV.    Excessive Force, Emotional Distress, and Civil Conspiracy Claims (Counts VII, IX, and X) against Defendant Officers Fail to State a Cause of Action.

The Officers seek dismissal of Counts VII, IX and X.  The Officers argue that the well-pled factual allegations of the Amended Complaint fail to state claims upon which relief may be granted for intentional infliction of emotional distress (Count IX) and civil conspiracy (Count X).  Additionally, the Section 1983 excessive force claim is subsumed in the Section 1983 false arrest claim and cannot exist as an independent cause of action.

A.    Count IX Fails to State a Cause of Action for Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must allege that: "(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe."  Williams v. City of Minneola, 619 So. 2d 983, 986 (Fla. 5th DCA 1993) (citation omitted).  "Whether conduct is sufficiently 'outrageous' to state a claim for [intentional infliction of emotional distress] is a question of law for the Court to decide." Garcia v. Carnival Corp. 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (citation omitted).[2]  "While there is no exhaustive or concrete list of what constitutes 'outrageous

---

[2]In Garcia, this Court found that allegations that "crew members kicked and punched [the plaintiff], threw her to the ground multiple times, handcuffed her in a 'harmful manner,' dragged her across the floor while she was handcuffed, and then confined her to her cabin ... and preventing her from otherwise leaving her cabin until

conduct,' Florida common law has evolved an extremely high standard." Merrick v. Radisson Hotels Int'l, Inc., No. 06DV01591 T24TGW, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) (citing Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499 (M.D. Fla. 1993); Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985). "[C]ourts uphold claims of intentional infliction of emotional distress only in 'extremely rare circumstances.'" Triana v. Diaz, 12-21309-CIV, 2014 WL 5319800, at *7 (S.D. Fla. Oct. 16, 2014).

Count IX alleges that the Officers' conduct "was outrageous and beyond all bounds of decency as to be regarded as odious and utterly intolerable in a civilized community." Amended Complaint ¶ 84. However, the factual allegations of the Amended Complaint do not support this legal conclusion and do not state a claim for intentional infliction of emotional distress. Additionally, the allegations of the Amended Complaint do not meet the fourth requirement of alleging that the damage from the conduct is "severe." "In regards to the severity of the emotional distress, '[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" Baker v. Lightsey, 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D. Fla. May 3, 2012) (quoting Frias v. Demings, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) (citing Restatement (Second) of Torts § 46, cmt. j. (1965)).

In the present case, the plaintiff has not stated a claim for intentional infliction of emotional distress because the plaintiff has not met the high standard that required him

---

the following day" did not meet the extremely high standard for intentional infliction of emotional distress. Garcia v. Carnival Corp. 838 F. Supp. 2d at 1336, 1339 ("hold[ing] the conduct Garcia alleges does not constitute the 'outrageous' conduct necessary to sustain a claim for [intentional infliction of emotional distress]").

to show that the Officers' conduct was "beyond all bounds of decency" or that he suffered "severe distress" as required under Florida law. The allegations in the Amended Complaint fail to qualify as extreme and outrageous conduct to maintain a claim for intentional infliction of emotional distress. Accordingly, Count IX is dismissed without prejudice.

      B.      Count X Fails to State a Cause of Action for Civil Conspiracy

Count X alleges that the Officers conspired to "fabricate evidence" and "maliciously prosecute" the plaintiff.  Amended Complaint ¶ 87.  The Amended Complaint fails to allege facts to support the conclusory allegation.

"To plead civil conspiracy, a plaintiff must allege '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damages to the plaintiff as a result of the acts done under the conspiracy.'" Alhassid v. Bank of Am., N.A., 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (quoting Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott, 561 Fed. App'x 882, 886 (11th Cir. 2014)(unpublished) (quoting Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997)).  The heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply to civil conspiracy claims and require specific factual allegations regarding the time, place and manner of the conspiracy. Fed. R. Civ. P. 9(b); See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067 (11th Cir. 2007).

"In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."  Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (citation omitted).  The Amended Complaint alleges

that the Officers "agreed to fabricate evidence in order to batter, falsely arrest, and maliciously prosecute [the plaintiff]." Amended Complaint ¶ 87. This conclusory allegation fails to state a cause of action for civil conspiracy. Count X for civil conspiracy against the Officers is dismissed without prejudice.

C.    Plaintiff's Claim for Excessive Force under Section 1983 (Count VII) Cannot Exist Independently Because It Is Subsumed in the False Arrest Claim

In the Eleventh Circuit, "a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000)(citing Williamson v. Mills, 65 F.3d 155, 158-59 (11th Cir. 1995) (finding damages for false arrest included damages for use of force to effect that arrest); Bashir v. Rockdale County, Georgia, 445 F.3d 1322, 1332 (11th Cir. 2006) (explaining that "[a]n excessive force claim evokes the Fourth Amendment's protection against the use of an unreasonable quantum of force (i.e., non-de minimus force unreasonably disproportionate to the need) in effecting an otherwise *lawful* arrest") (emphasis supplied). Like the plaintiff in Bashir, the plaintiff's excessive force claim "is entirely derivative of, and is subsumed within, the [false] arrest claim." Id. The plaintiff's excessive force claim (Count VII) is dismissed with prejudice.

CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that the Defendant Miami-Dade County's Motion to Dismiss (DE# 33, 8/9/18) is GRANTED. Counts I (state law false arrest/false imprisonment), VIII (state law battery), IX (state law intentional infliction of emotional distress), X (civil conspiracy), and XI (gross negligence) against the County are dismissed with prejudice. Counts III (negligent hiring or retention under

42 U.S.C. § 1983), IV (negligent failure to train and supervise under 42 U.S.C. § 1983) and VI (deprivation of civil rights by excessive use of force in violation of 42 U.S.C. § 1983) are dismissed without prejudice. It is further

ORDERED AND ADJUDGED that the Defendants Oliver Mayorga and William Baskins' Motion to Dismiss (DE# 34, 8/9/18) is GRANTED. Count VII (excessive force under Section 1983) is DISMISSED with prejudice; Counts IX (conspiracy) and X (intentional infliction of emotional distress) are dismissed without prejudice. It is further

ORDERED AND ADJUDGED that the plaintiff has leave to file a second amended complaint with fourteen (14) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of October, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE